IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THORNTON FOREHAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:14-cv-207-WHA |
| | ) (WO) |
| | ) |
| ELMORE COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This action is before the court on Defendant Deputy C.S. Kearley's Partial Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) (Doc. # 7) filed on April 17, 2014, Defendant Elmore County's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. # 10) filed on April 17, 2014, and Defendant Elmore County Sheriff Department's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. # 12) filed on April 17, 2014.

Thornton Forehand ("Forehand") filed a Complaint in this case on March 24, 2014. The Complaint brings claims for a violation of the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 (Claim I), assault and battery under state law (Claim II), negligence under state law (Claim III), and wantonness under state law (Claim III).[1] The

---

[1] The Complaint includes two claims labeled as "Claim III." For clarity, the court will include the subject of each claim when referring to the claim in this Memorandum Opinion and Order.

Complaint only expressly seeks monetary damages; the Plaintiff does not seek any injunctive relief.

For reasons to be discussed, all three motions are due to be GRANTED.

## II. STANDARDS OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(1)

A Rule 12(b)(1) motion challenges the district court's subject-matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." A "facial attack" on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject-matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990); *Hayden v. Blue Cross & Blue Shield of Ala.*, 855 F. Supp. 344, 347 (M.D. Ala. 1994). A "factual attack," on the other hand, challenges the existence of subject-matter jurisdiction based on matters outside the pleadings. *Lawrence*, 919 F.2d at 1529.

### B. Federal Rule of Civil Procedure 12(b)(6)

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

### III. FACTS

The Plaintiff alleges the following facts:

On March 29, 2012, Elmore County Sheriff's Deputy C.S. Kearley ("Kearley") attempted to arrest Plaintiff Forehand for criminal littering. While attempting to arrest Forehand, Kearley used excessive force, "causing injury and damage to the Plaintiff's arm, shoulder, neck and other parts of his body." (Doc. # 1 ¶ 10).

### IV. DISCUSSION

**A. State-Law Claims against Deputy Kearley**

Defendant Kearley moves for dismissal under Federal Rule of Civil Procedure 12(b)(1) of all state-law tort claims against him, whether brought against him in his official or his individual capacity, and for dismissal of the 42 U.S.C. § 1983 claim brought against him in his official capacity.[2]

---

[2] Kearley's Partial Motion to Dismiss (Doc. # 7) is unclear as to whether it seeks dismissal of the § 1983 claim against Kearley in his official capacity. The motion only specifically mentions "Claims II, III, and III (sic) (misnumbered in the Complaint)." (Doc. # 7 at 1). It then asserts that "[a]ll official capacity claims against Deputy Sheriff Kearley are due to be dismissed as violative of the Eleventh Amendment of the United States Constitution." (*Id.* ¶ 2). Since Eleventh Amendment immunity would apply only to the federal § 1983 claim, the court will interpret the motion to include dismissal of the official-capacity claim contained in Claim I in addition to all capacity claims in Claims II, III (negligence), and III (wantonness).

**1. Official-Capacity Claims**

Deputy Kearley is immune from state-law claims in his official capacity. Under Alabama law, sheriffs are executive officers of the state and, as a result, have immunity under the Alabama Constitution. *Hereford v. Jefferson Cnty.*, 586 So. 2d 209, 210 (Ala. 1991) (citing Ala. Const. art. I, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity.")); *see also McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 789 (1997) (holding that, based on an analysis of Alabama law, sheriffs are state officers, and suits against them in their official capacity are suits against the state). Alabama law further recognizes that, "'[i]n general, the acts of the deputy sheriff are the acts of the sheriff. The deputy sheriff is the alter ego of the sheriff.'" *Hereford*, 586 So. 2d at 210 (quoting *Mosely v. Kennedy*, 17 So. 2d 536, 537 (Ala. 1944)); *see also Welch v. Laney*, 57 F.3d 1004, 1008 (11th Cir. 1995) (recognizing that a sheriff's deputy is legally an extension of the sheriff); *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990) (recognizing that a deputy's acts are generally considered acts of the sheriff). Thus, a deputy sheriff receives the same privilege of sovereign immunity as a sheriff. *See Johnson v. Conner*, 720 F.3d 1311, 1313 (11th Cir. 2013) ("Under Alabama law, sheriffs and deputy sheriffs are considered executive officers of the state, and are therefore immune from suit in both their official and individual capacities."). Exceptions to this immunity apply only in situations where plaintiffs are seeking injunctive relief against a sheriff or deputy sheriff. *See Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996) ("The Alabama Supreme Court explained that under Article I, § 14 [of the Alabama Constitution], the only exceptions to a sheriff's immunity from suit are actions brought to enjoin the sheriff's conduct."); *see also Parker v. Amerson*, 519 So. 2d 442, 443 (Ala. 1987). Therefore, under Alabama law, a deputy sheriff is an executive officer of the state, which provides him with absolute immunity from suits for money

damages under state law causes of action. Accordingly, the Plaintiff's state-law claims against Deputy Kearley in his official capacity are due to be dismissed.

### 2. Individual-Capacity Claims

Further, Deputy Kearley is immune from state-law claims in his individual capacity. "[S]heriffs and deputy sheriffs are executive officers of [the] State [of Alabama], pursuant to the [Alabama Constitution]." *Ex parte Sumter Cnty.*, 953 So. 2d 1235, 1239 (Ala. 2006). Under Alabama law, "a claim for monetary damages made against a constitutional officer in the officer's individual capacity is barred by State immunity whenever the acts that are the basis of the alleged liability were performed within the course and scope of the officer's employment." *Ex parte Davis*, 930 So. 2d 497, 500–01 (Ala. 2005). Section 36-22-3(4) of the Alabama Code states in part that "[i]t shall be the duty of sheriffs in their respective counties, by themselves or deputies . . . to apprehend and arrest criminals." The focus of Forehand's Complaint is that Deputy Kearley allegedly used excessive force while attempting to arrest Forehand. Further, the Complaint alleges that Kearley was acting within the line and scope of his employment during the attempted arrest. (*See* Doc. # 1 ¶ 9 ("Defendant Kearley acted in his official and individual capacity."); *see also id.* ¶ 16 ("The Defendant C.S. Kearley touched the Plaintiff in a harmful and offensive manner . . . while acting as a Deputy of Elmore County Sheriff's Department and in his individual capacity."); *id.* ¶¶ 20, 24 (stating that "Kearley was "acting in the line and scope of his employment for Elmore County Sheriff's Department")). Based on these allegations, and because "performing arrests fall[s] within the statutory duties of a sheriff"—and thus within the statutory duties of a sheriff's deputies— Forehand's state-law claims for monetary damages

against Deputy Kearley in his individual capacity are barred by State immunity. *See Davis*, 930 So. 2d at 501. As a result, those claims are due to be dismissed.

**B. Official-Capacity § 1983 Claim against Kearley**

Deputy Kearley is immune from the Plaintiff's official-capacity claim against him under 42 U.S.C. § 1983. In 42 U.S.C. § 1983 suits for monetary damages, "Alabama deputy sheriffs are immune from suit in their official capacities under the eleventh amendment to the United States Constitution." *Carr*, 916 F.2d at 1527. In this case, because the Plaintiff only seeks monetary damages under § 1983 against Kearley, and because Kearley is immune from suit in his official capacity under the Eleventh Amendment, the official-capacity § 1983 claim against Kearley is due to be dismissed.

**C. Claims against Elmore County**

Plaintiff's claims against Elmore County are based on vicarious liability for acts of Deputy Kearley, on failure to supervise Kearley, and on having promulgated policies and practices which caused Kearley to commit a constitutional violation.

Defendant Elmore County seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) of all claims brought against it. In support, the County argues that it cannot be held liable for the actions of the Sheriff and Deputies. Specifically, the County argues that "Plaintiff's theory against Elmore County is based upon the incorrect premise that it has a role in the supervision of Deputy Kearley." (Doc. # 11 at 3). Because sheriffs and deputies are executive officers of the State of Alabama, and because the County cannot be vicariously liable for actions of individuals who are not agents, servants, or employees of the County, the County cannot be

held vicariously liable for Deputy Kearley's actions. Further, the County argues that vicarious liability is not a cognizable theory under § 1983.

In response, the Plaintiff argues that the County "cannot now show beyond a doubt that the Plaintiff cannot prove" that the County "promulgated an unconstitutional custom, policy, practice, or procedure which was the moving force behind the constitutional deprivation" in this case "under any set of circumstances," and thus the motion to dismiss should be denied. (Doc. # 19 ¶ 2). The County replies by asserting that the Plaintiff applied the wrong standard in its response and that, under *Twombly*, the Plaintiff's claim against the County is not plausible. Thus, according to the County, all claims against it should be dismissed.

To the extent, if any, that Forehand alleges that the County is vicariously liable under § 1983 for any alleged tortious acts by Deputy Kearley, the court agrees that a plaintiff cannot recover against a county under § 1983 on a vicarious liability theory. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978) ("[T]he language of § 1983 . . . compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that . . . a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). Further, to the extent that Forehand seeks to recover against the County for an alleged "unconstitutional custom, policy, practice, or procedure which was the moving force behind the unconstitutional deprivation," (Doc. # 19 ¶ 2), the court assumes, without finding, that the Plaintiff has sufficiently pled allegations to satisfy *Twombly*.

Regardless of whether the claims are sufficiently pled, however, the § 1983 claims are due to be dismissed with prejudice. The County cannot be held liable for the deputy's actions in this case because the deputy was acting pursuant to his law-enforcement authority and because,

7

as noted earlier, he is an officer of the state, not an employee of the county. Under Alabama law, "the 'powers and duties' of the counties themselves—creatures of the State who have only the powers granted to them by the State—do not include any provision in the area of law enforcement." *McMillian*, 520 U.S. at 790 (citing Ala. Code § 11-3-11 (1989)) (internal citation omitted). "Thus, the 'governing body' of the counties—which in every Alabama county is the county commission—cannot instruct the sheriff how to ferret out crime, *how to arrest a criminal*, or how to secure evidence of a crime." *Id.* (emphasis added) (internal citation omitted). As a result, because the sheriff and the sheriff's deputies exercise state, rather than county, power in acting with final policymaking authority in law enforcement under Alabama law, the county cannot be held liable for the actions taken by the sheriff or the sheriff's deputies in law-enforcement activities. *See McMillian v. Johnson*, 88 F.3d 1573, 1577–78 (11th Cir. 1996), *aff'd*, *McMillian*, 520 U.S. 781 (stating that "[a] municipality may be held liable for a single act or decision of a municipal official with final policymaking authority in the area of the act or decision," but determining that, under Alabama law, sheriffs do not act with final county policymaking authority for law enforcement because counties have no law-enforcement authority); *see also Turquitt v. Jefferson Cnty., Ala.*, 137 F.3d 1285, 1292 (11th Cir. 1998) ("[L]ocal governments can never be liable under § 1983 for the acts of those whom the local government has no authority to control."). Thus, because the Complaint only alleges that Sheriff's Deputy Kearley violated Forehand's constitutional rights in the exercise of his law-enforcement activities, because Kearley is a state officer not under the control of the county, and because Elmore County has no law-enforcement authority, the County cannot be held liable for Kearley's actions. Therefore, the § 1983 claims against the County are dismissed with prejudice.

Finally, the same analysis applies to the state-law claims against Elmore County. Because the sheriff and the sheriff's deputies are state officials, the County cannot be held liable for the actions of the sheriff or the sheriff's deputies. *See King v. Colbert Cnty.*, 620 So. 2d 623, 625 (Ala. 1993) ("[E]ven if [the sheriff] can be held liable for his conduct as sheriff of Colbert County, Colbert County itself cannot be held vicariously liable for his actions or inaction."). Thus, under Alabama law, all of the state-law claims against Elmore County in this case are due to be dismissed with prejudice.

**D. Claims against the Elmore County Sheriff's Department**

Defendant Elmore County Sheriff's Department seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) of all claims brought against it. In support, the Sheriff's Department argues that it "is not a legal entity subject to suit." (Doc. # 13 at 1). Specifically, the Sheriff's Department cites a case directly on point, *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992), for the proposition that, under Alabama law, a sheriff's department is not a legal entity, and thus is not subject to suit. Therefore, because "Plaintiff cannot point to any statute or law that creates a sheriff's department as a legal entity," the Sheriff's Department "is due to be dismissed." (Doc. # 13 at 5).

The Plaintiff asserts the same argument in response as he did against the County. Specifically, the Plaintiff argues that the Sheriff's Department "cannot now show beyond a doubt that the Plaintiff cannot prove" that the Sheriff's Department "promulgated an unconstitutional custom, policy, practice, or procedure which was the moving force behind the constitutional deprivation" in this case "under any set of circumstances" and that thus the motion to dismiss should be denied. (Doc. # 19 ¶ 2). In reply, the Sheriff's Department asserts the same argument

as the County, stating that, under *Twombly*, the claim against the Sheriff's Department is not plausible.

In *Dean v. Barber*, the Eleventh Circuit affirmed the dismissal of a pro se litigant's § 1983 claim against the Jefferson County, Alabama Sheriff's Department. The pro se plaintiff "claimed his constitutional rights were violated by [the various] defendants' policies which led to a violent attack upon [the plaintiff] by a fellow inmate of the Jefferson County jail." *Dean v. Barber*, 951 F.2d 1210, 1212 (11th Cir. 1992). The court looked to Alabama law and determined that "a county sheriff's department lacks the capacity to be sued." *Id.* at 1215. As a result, the district court in that case correctly dismissed the § 1983 claim against the Sheriff's Department.

In this case, all claims against the Elmore County Sheriff's Department are due to be dismissed. First, as in *Dean*, the § 1983 claim against the Sheriff's Department is due to be dismissed because the department "lacks the capacity to be sued." *Id.* Second, all state-law claims against the Sheriff's Department are due to be dismissed as well. As noted in *Dean*, the Alabama Supreme Court has dismissed state-law claims against a sheriff's department because the department was not a legal entity subject to suit. *Id.*; *see also White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991) ("The Chambers County Sheriff's Department is not a legal entity subject to suit. Therefore, a cause of action may not be maintained against the Chambers County Sheriff's Department."). As a result, all claims against the Elmore County Sheriff's Department are due to be dismissed.

## V. CONCLUSION

The court finds that the § 1983 claim against Deputy Kearley in his official capacity and all state-law claims against Deputy Kearley in his official and individual capacities are due to be

dismissed for lack of subject-matter jurisdiction. Further, the court finds that all claims against Elmore County and the Elmore County Sheriff's Department are due to be dismissed with prejudice. For the stated reasons,

It is hereby ORDERED as follows:

1. Defendant Deputy C.S. Kearley's Partial Motion to Dismiss (Doc. # 7) is GRANTED, and the Claim I official-capacity claim and Claims II (assault and battery), III (negligence), and III (wantonness) of the Complaint are DISMISSED against Defendant Kearley for lack of subject-matter jurisdiction.

2. Defendant Elmore County's Motion to Dismiss (Doc. # 10) is GRANTED, and the Plaintiff's claims against the County are DISMISSED with prejudice.

3. Defendant Elmore County Sheriff Department's Motion to Dismiss (Doc. # 12) is GRANTED, and the Plaintiff's claims against the Sheriff's Department are DISMISSED with prejudice.

4. This case will continue as to Claim I against Defendant Kearley in his individual capacity.

DONE this 5th day of June, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE